## WM. RICHARDS v. JOHN C. WHITLOCK & McNICHOL.

**Pleadings—Agreement to Abandon Appeal is Void.**

Appellant was sued by appellees and he plead as a defense, that he had a right to retain the proceeds of the property sued for under and by a contract with appellees by which they agreed that if he would abandon the prosecution of an appeal from a judgment by which his property was confiscated, that they would make good an agreed proportion of his loss by reason of said judgment, which plea is void.

### APPEAL FROM TRIGG CIRCUIT COURT.

January 11, 1871.

OPINION BY JUDGE LINDSAY:

Richards, who was sued by Whitlock & McNichol for a balance of the net proceeds of three hogshead of tobacco, sold by him in New York, and which the appellees claimed were their property, plead that he had a right to retain the same under and by virtue of a contract with said Whitlock & McNichol by which they agreed that if he would abandon the prosecution of an appeal from the judgment of the United States District Court for the District of Indiana, by which judgment two hogsheads of tobacco, the property of Richards, were confiscated, that they would make good an agreed proportion of his loss by reason of said judgment of confiscation.

Upon the trial all the evidence offered by Richards in support of his void plea was admitted by the court, and the instructions given to the jury at his instance were fully as favorable to him as the law and facts would admit.

But one instruction was given at the instance of Whitlock & McNichol and that was unobjectionable.

The specific objections to the certificates of the depositions taken and read by appellees are not pointed out. From a careful examination of said certificates, we conclude that whilst they are informal, they substantially comply with the requisitions of the code of practice.

The record shows that certain portions of said depositions deemed irrelevant or incompetent as testimony were not permitted to be read to the jury. As the bill of exceptions fail to

show what portions were read we must presume that the court excluded all improper matter from the jury.

The testimony of the witness who spoke of the premium on gold could not have been prejudicial to the appellant even though it may have been improperly permitted to go to the jury.

As there was no available error in the action of the court upon the trial, we are of opinion that the finding of the jury is not so flagrantly against the weight of evidence as to warrant the interference of this court.

Judgment affirmed.

*Dulaney, Barnett, for appellant.*